UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80420-CIV-COHN

VICTIMS OF HOLOCAUST ART THEFT,

    Plaintiff,

v.

THE CZECH REPUBLIC, NATIONAL
GALLERY IN PRAGUE, and MUSEUM
OF DECORATIVE ARTS OF PRAGUE,

    Defendants.

_____/

## ORDER REQUIRING PLAINTIFF TO OBTAIN COUNSEL

**THIS CAUSE** is before the Court based on a *sua sponte* examination of Plaintiff's Complaint [DE 1].  Plaintiff, an entity known as Victims of Holocaust Art Theft, seeks to recover an art collection that allegedly was stolen from a Jewish Czech family (the Poppers) by the Nazis and is now in the possession of the Czech Republic and its museums.  According to the Complaint, Plaintiff "is a business registered in Florida and in this judicial district, is an owner of certain interests in The Popper Collection, [and] is a limited partner with and has limited but express authority [of] Michal Klepetář, one of The Popper Heirs . . . to take certain acts regarding The Popper Collection, including commencing this action."  DE 1 at 13, ¶ 44; see id. at 2 n.1 (explaining that "Klepetář is also Plaintiff's co-owner and is also involved with and a 'partner' in [Plaintiff]").
The Complaint further notes that Plaintiff's formation "is the result of agreements, cooperation and partnering between / of Edward D. Fagan and Michal Klepetář . . . and other persons with similar claims for restitution / replevin of art work originating in other Eastern European countries."  Id. at 13 n.10.

The Complaint is signed by Edward D. Fagan on behalf of Plaintiff. See id. at 51. Based on a review of the Complaint and the accompanying Civil Cover Sheet, it is clear that Fagan has filed the Complaint as a *pro se* representative of Plaintiff, not as its attorney. See id. at 52 (stating that Victims of Holocaust Art Theft is "a fictitious name registered to Edward D. Fagan" and that Plaintiff's attorneys are "Not[] Yet Known"). Nowhere does the Complaint indicate that Fagan is an attorney admitted to practice before this Court. See S.D. Fla. L.R. 11.1; Special Rules Governing the Admission and Practice of Attorneys.

Although parties in federal court are generally allowed to "plead and conduct their own cases personally or by counsel," 28 U.S.C. § 1654, "[i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." Rowland v. Cal. Men's Colony, 506 U.S. 194, 201-02 (1993); see Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985). Because "the rationale for that rule applies equally to all artificial entities," § 1654 "does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." Rowland, 506 U.S. at 202; see Palazzo, 764 F.2d at 1385. This is true regardless of whether the entity is a for-profit enterprise or a nonprofit organization. See Rowland, 506 U.S. at 202 (collecting cases requiring counsel for artificial entities, including nonprofit organizations).

Here, while Plaintiff's exact form and nature are not fully clear, the Complaint shows that Plaintiff is an organization owned and controlled by at least one person (Michal Klepetář) other than Fagan. Moreover, Plaintiff seeks to vindicate the interests of Klepetář and other persons in allegedly stolen artwork. Fagan, therefore, may not

represent Plaintiff on a *pro se* basis.  See Lattanzio v. COMTA, 481 F.3d 137, 139 (2d Cir. 2007) (per curiam) (explaining that § 1654 "does not permit unlicensed laymen to represent anyone else other than themselves" (internal quotation marks omitted)). Instead, if Plaintiff wishes to proceed in this action, it must be represented by counsel.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff shall obtain counsel to represent it in this case by **Thursday, July 5, 2012.**  If no attorney appears on Plaintiff's behalf by that date, the Court will dismiss this action without prejudice and close the case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 4th day of June, 2012.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

Copies provided to:

Victims of Holocaust Art Theft
c/o Edward D. Fagan
P.O. Box 812512
Boca Raton, FL  33481