UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80420-CIV-COHN

VICTIMS OF HOLOCAUST ART THEFT,

    Plaintiff,

v.

THE CZECH REPUBLIC, NATIONAL
GALLERY IN PRAGUE, and MUSEUM
OF DECORATIVE ARTS OF PRAGUE,

    Defendants.

_____/

**FINAL ORDER OF DISMISSAL**

**THIS CAUSE** is before the Court following its June 4, 2012, Order Requiring Plaintiff to Obtain Counsel [DE 4]. In that Order, the Court noted that the Complaint in this action was filed by Edward D. Fagan, a *pro se* representative of Plaintiff Victims of Holocaust Art Theft. See id. at 2. The Court further observed that "Plaintiff is an organization owned and controlled by at least one person (Michal Klepetář) other than Fagan" and that "Plaintiff seeks to vindicate the interests of Klepetář and other persons in allegedly stolen artwork." Id. Based on established law requiring organizations like Plaintiff to be represented by counsel, the Court determined that Fagan "may not represent Plaintiff on a *pro se* basis." Id. at 2-3. Rather, the Court explained, "if Plaintiff wishes to proceed in this action, it must be represented by counsel." Id. at 3. The Court therefore directed Plaintiff to obtain counsel by July 5, 2012, cautioning that "[i]f no attorney appears on Plaintiff's behalf by that date, the Court will dismiss this action without prejudice and close the case." Id.

Although the July 5 deadline for Plaintiff to obtain counsel has now passed, no attorney has appeared on behalf of Plaintiff.[1]  Accordingly, it is **ORDERED AND ADJUDGED** that the above-styled action is hereby **DISMISSED** without prejudice.  The Clerk shall **CLOSE** this case and **DENY** any pending motions as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 9th day of July, 2012.

JAMES I. COHN
United States District Judge

Copies provided to:

Victims of Holocaust Art Theft
c/o Edward D. Fagan
P.O. Box 812512
Boca Raton, FL  33481

---

[1] In response to the Court's June 4 Order, Fagan filed a "Motion for Permission for Plaintiff *Pro Se* to Proceed Under the Name '*Victims of Holocaust Art Theft*' and for other relief."  In that Motion, Fagan asserts that Plaintiff is not a legal entity apart from Fagan himself but instead is a fictitious name that Fagan is using to bring claims in his individual capacity.  As the Court previously noted, however, the allegations of the Complaint indicate that other individuals besides Fagan have an interest in Plaintiff.  See DE 4 at 1.  But even if the Court were to assume that Fagan alone owns and controls Plaintiff, it remains clear that Fagan is seeking to represent the interests of persons other than himself.  See Mot. at 5-6 (explaining that Fagan seeks to vindicate not only his own interests in allegedly stolen artwork, but also the interests of the Popper heirs, including Klepetář).  More troubling, Fagan reveals for the first time in his Motion that he is "a disbarred lawyer" and that "[e]ven after [his] disbarment," he has been "sought out by persons and groups with restitution claims who wanted [him] to assist and consult with them."  Id. at 4 & n.2.  This disclosure suggests that Fagan, despite being disbarred from the practice of law, may be using Plaintiff as a vehicle to represent other persons before this Court.  See S.D. Fla. L.R. 11.1(b).  For these reasons, Fagan's Motion does not alter the Court's conclusion that Plaintiff may not proceed without counsel, and the relief sought in that Motion is denied.