

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DVISION

------------------------------------------------------------------ X   CIVIL ACTION #:
Victims of Holocaust Art Theft,                                  :   12-80420-CIV-Cohn/Seltzer
                                        Plaintiff                :
  - v -                                                          :
                                                                 :   **Motion for Permission**
The Czech Republic;                                              :   **for Plaintiff** *Pro Se* **to**
National Gallery in Prague; and                                  :   **Proceed Under the Name**
Museum of Decorative Arts of Prague.                             :       „*Victims of Holocaust*
                                        Defendants.              :            *Art Theft*"
------------------------------------------------------------------ X   **and for other relief**

  **COMES NOW**, Plaintiff pro se Victims of Holocaust Art Theft, a ficititious name registered and owned by Edward Fagan (hereinafter „Fagan") [1] who hereby respectfully requests, pursuant to Fed. R. Civ. P. Rules 15 (a) (2) *(permitting amendment of a pleading by Court Order)* and Rule 60 (b) (1) *(relief from Order based upon mistake or inadvertence)* and moves this Honorable Court to enter an Order, for the following miscellaneous relief:

  (i)  Permiting Edward Fagan („Plaintiff Fagan") to proceed as a *pro se* litigant pursuant to 28 USC § 1654;

  (ii)  Permit Plaintiff Fagan to file an amended Civil Cover Page to more clearly identify that Plaintiff *"Victims of Holocaust Art Theft"* is Plaintiff Fagan;

  (iii)  Permiting Plaintiff Fagan to use the "pseudonym", registered "Fictitious Name" and applied for trademarked name of *"Victims of Holocaust Art Theft"* in the Caption of the Complaint or permitting to use of an alternative caption; and

  (iv)  Granting Plaintiff Fagan until July 20th by which to file an Amended Complaint, or to re-file the existing complaint with errata, through which to make clear that all references to *"Victims of Holocaust Art Theft"* are to Plaintiff Fagan, that there are no other owners of „*Victims of Holocaust Art Theft*" and that Plaintiff Fagan is suing in his individual capacity.

In support thereof, Plaintiff Fagan hereby states as follows:

---

[1] In addition to Fictitious Name registration, Plaintiff Fagan has applied to the United States Patent & Trademark Office for registration, as sole owner, of the name *"Victims of Holocaust Art Theft"*. The application for registration showing Edward D. Fagan as sole owner of *"Victims of Holocaust Art Theft"* will be filed separately.

                                                    1

A. **INTRODUCTION**

1. I have received and reviewed the Court's June 4, 2012 Order (DE # 4) and I believe I understand the confusion about the true nature of who or what is „*Victims of Holocaust Art Theft*", who am I in relation to „*Victims of Holocaust Art Theft*" and is „*Victims of Holocaust Art Theft*" an organization, corporation, partnership or any other formal legal entity.

2. I state unequivocally that „*Victims of Holocaust Art Theft*" is not an organization, it is not a corporation, it is not a partnership and it is not any other form of legal entity.

3. I apologize if the complaint's language seem to make it unclear as to who is *"Victims of Holocaust Art Theft"*, what my interests are and on whose interests I represent in the claim.

4. I respectfully request the Court consider this submissions as an sufficient explanation that (i) the name *"Victims of Holocaust Art Theft"* is owned by me and me alone; (ii) I am not seeking to represent anyone else or anyone else's interests in this action and (iii) I am allowed to proceed as a pro se litigant pursuant to 28 U.S.C. § 1654. Should the Court desire, I am also prepared to re-file the Complaint clarifying these facts and to more clearly identify the party *"Victims of Holocaust Art Theft"* according to FRCP 10 (a) or to Amend the Complaint so that these points are more clearly spelled out.

B. **_"VICTIMS OF HOLOCAUST ART THEFT" = EDWARD D. FAGAN_**

5. From the Court's Order (DE # 4), it would appear that I was not clear enough in my complaint about who is *"Victims of Holocaust Art Theft"*, why I choose to use that name and what are the claims that I am pursuing.

6. It is clear that the confusion is my fault, which could explain the factual errors in the

2

Court's statements and conclusions such as:

> ... Plaintiff "*is a business registered in Florida and in this judicial district, is an owner of certain interests in The Popper Collection, [and] is a limited partner with and has limited but express authority [of] Michal Klepetář, one of The Popper Heirs ... to take certain acts regarding The Popper Collection, including commencing this action.*" DE 1 at 13, ¶ 44; see id. at 2 n.1 (explaining that "*Klepetář is also Plaintiff's co-owner and is also involved with and a 'partner' in [Plaintiff]*"). *The Complaint further notes that Plaintiff's formation "is the result of agreements, cooperation and partnering between / of Edward D. Fagan and Michal Klepetář ... and other persons with similar claims for restitution / replevin of art work originating in other Eastern European countries.*" Id. at 13 n.10.                       See DE # 4, p. 1, lines 5 – 14
> ... *Plaintiff's exact form and nature are not fully clear* ...
>                                                          See DE # 4, p. 2, last par.
>
> ... the Complaint shows that <u>Plaintiff is an organization owned and controlled by at least one person (Michal Klepetář) other than Fagan</u>.
>                        See DE # 4, p. 2, last par. emphasis added

7. The conclusions the Court reached are not factually accurate and I apologize for the confusion. For the record and so it is absolutely clear:

   a. I am the Plaintiff *"Victims of Holocaust Art Theft"*;

   b. I am conducting business in Florida under the name of *"Victims of Holocaust Art Theft"* in this judicial district;

   c. the name *"Victims of Holocaust Art Theft"* is a fictitious name registered in Florida;

   d. trademark registration of the name *"Victims of Holocaust Art Theft"* is being applied for; and

   e. I am the sole owner of the name and the application for the trademark registration of *"Victims of Holocaust Art Theft"*.

8. I could have easily put my real name into the caption and am prepared to do so, if necessary. If I had, there would be no issue now. However, I did not

3

want the complaint to be about who I was or am.[2] And, perhaps it is a good thing that this came up so that I have a chance to explain these circumstances.

9. Even after my disbarment, I have been sought out by persons and groups with restitution claims who wanted me to assist and consult with them.

10. I know that my involvement with any restitution efforts carries the risk that there could be a distraction from the real issues in the particular restitution matter and the issues become focused on me, as opposed to where I believe they belong, which are the merits of whatever position is being advocated, whether it is with government officials, or with non-governmental organizations, or with Courts, or with the public.

11. And, I see the issues in and related to the Czech Republic as important as they show what has happened in former Eastern European countries who were supposed to but who did NOT comply with its/their moral and legal restitution obligations.

12. I have a long history with claims in and related to The Czech Republic and most recently the media went wild about my claims related to defaulted governmental and municipal bonds in The Czech Republic.

---

[2] I am a disbarred lawyer. In fact, when you look up the word "Disbarment" in Wikipedia, there are listed 8 people as the "Notable US Disbarments". And, I am one of the eight along with Richard Nixon, Spiro Agnew, Bill Clinton, Alger Hiss, F. Lee Bailey, Mike Nyfong, Andrew Thomas and Jack Thompson. *See* http://en.wikipedia.org/wiki/Disbarment. I am not proud of the disbarment or the events that led to the disbarment. However, I am proud of some of the other things that I did including being one of the leading lawyers involved with the Holocaust Era Litigation against (i) Switzerland & its banks; (ii) Austria, its banks, companies and industry; (iii) Germany, its banks, companies and industry and (iv) European Insurance companies, which lawsuits eventually led to the creation of victim and humanitarian funds in excess of $ 8.2 billion dollars. I am not proud of many other things. And, I have spent the last many years working to rehabilitate myself. During this time, I have made myself available to consult with and assist - within the ethical guidelines – lawyers, government and non-governmental organizations in Eastern Europe, individuals and victim groups in worldwide in their efforts change laws, lobby for public support of victims rights and assist in the search for and restitution of properties that were stolen from victims during the Holocaust. I have detractors (who are very vocal and who the media likes to quote often) and I have many supporters in the US, Europe and Israel. I can and will provide a more detailed explanation of who I am and what I have been doing should the Court desire.

13. So when I became involved with and acquired an interest in The Popper Art Collection, I did NOT want my efforts in Europe and the US in relation to The Popper Art Collection to be about me – Ed Fagan.

14. I wanted to try to keep the focus and attention to be on the injustices which my predecessors in interests suffered, first at the hands of the Nazis, then the Communists and now The Czech Republic and its museums.

15. I wanted the discussions and public awareness to focus on the theft of and continued unlawful withholding of The Popper Art Collection from its rightful heirs and their successors in interest, as well as the unlawful, illegal and discriminatory conduct by The Czech Republic and its agencies who refused to return to stolen property the Popper heirs and their successors.

16. I believed that the pseudonym *"Victims of Holocaust Art Theft"* would be more meaningful for the purposes of this claim.

17. I chose the name „*Victims of Holocaust Art Theft*" with the hopes of giving meaning and honor to what I believe are the real issues in the case, to wit: (i) the persecution, suffering, discrimination, property confiscation, expropriations and other crimes against humanity committed against Holocaust victims – including my predecessors in interest – Richard and Regina Popper; (ii) the struggles by Holocaust victims, heirs or successors – such as Michal Klepetář and other heirs of Richard & Regina Popper including – to try to recover the assets were first stolen from them by the Nazis, then confiscated by the communists and later withheld from them by former Eastern European Governments and Museums and (iii) the failure of countries like The Czech Republic to comply with its treaty obligations and

5

other agreements and commitments made to the United States and worldwide that they would enact meaningful restitution mechanisms through which victims and heirs with looted artwork (other restitution) claims, such as my co-owner Mr. Klepetář, could recover what is theirs and what was stolen from their ancestors.

18. However, what is now clear is that while the selection of the name „*Victims of Holocaust Art Theft*" may have been appropriate, the references and explanations in the Complaint and the Civil Cover Sheet were not properly spelled out and led to confusion.

19. The reference in DE # 4 to the Civil Cover Sheet, suggesting that I listed Plaintiff's attorneys as *"Not( ) Yet Known"* is in error. The reference was not about Plaintiff's attorneys as being *"Not Yet Known"*. It was instead about Defendants' attorneys being „*Not Yet Known*". See DE # 4, p. 2, lines 4 – 5.

20. The references throughout to *"Plaintiff's co-owner"* or *"Plaintiff's co-owners"* in the Complaint were **not** intended to suggest that Klepetář is a co-owner of Plaintiff *"Victims of Holocaust Art Theft"*. Rather references to *"Plaintiff's co-owner"* or *"Plaintiff's co-owners"* were intended to refer to Klepetář as the co-owner (with Plaintiff) of The Popper Art Collection.

21. I believe that it may have been confusion, misreading or misunderstanding related to who *"Victims of Holocaust Art Theft"* that ultimately led the Court to its conclusion (albeit in error) at DE # 4, p. 2, last 4 lines, that *"the Complaint shows that <u>Plaintiff is an organization owned and controlled by at least one person (Michal Klepetář) other than Fagan"</u>*. Emphasis added.

22. And, it is this belief that I suspect led the Court to conclude that „*Victims of Holocaust Art Theft*" could not proceed under 28 USC § 1654 and that I / „*Victims of Holocaust Art Theft*" needed counsel.

23. However, the facts which show that Plaintiff „*Victims of Holocaust Art Theft*" is and should be permitted to proceed under 28 USC § 1654 are:

    a. Plaintiff *"Victims of Holocaust Art Theft"* is owned by me and me alone. *See Exhibit 1 – Registration with Florida Department of State*;

    b. I am the sole owner of the application for the trademark registration for the name *"Victims of Holocaust Art Theft"*;

    c. There are no other owners of the name or of the pending trademark registration of *"Victims of Holocaust Art Theft"*;

    d. *"Victims of Holocaust Art Theft"* is not a corporation, partnership, association or organization; and

    e. Neither Mr. Klepetář nor anyone else owns, controls or has rights to the registration of the name or the pending trademark *"Victims of Holocaust Art Theft"* nor does any one other than me have control over the "business" in which I am involved through the use of the name *"Victims of Holocaust Art Theft"*.

24. As the Court noted, *"parties in federal court are generally allowed to "plead and conduct their own cases personally or by counsel," 28 U.S.C. § 1654"*.

25. With these facts, evidence and explanations, I pray the Court permit me to litigate these claims pursuant to 28 USC § 1654 as a pro se plaintiff.

C. **USE OF FICTITIOUS NAME / PSEUDONYM „*VICTIMS OF HOLOCAUST ART THEFT*" IN CAPTION / COMPLAINT SHOULD BE ALLOWED**

26. As mentioned above, I had a sincere belief that using the name *"Victims of*

7

*Holocaust Art Theft"* would be more meaningful than just captioning the complaint as *"Edward D. Fagan, Plaintiff v Czech Republic et al".*

27. Prior to choosing to use the pseudonym, I researched and found that pseudonyms are most commonly used in cases *"(W)here issues involve matters of a sensitive and highly personal nature,"* such as birth control, (Poe v. Ullman, 367 U.S. 497, 81 S.Ct. 1752, 6 L.Ed.2d 989 (1961) ) abortion, (E.g., Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); Doe v. Mundy, 7 Cir., 1975, 514 F.2d 1179; Doe v. General Hospital of District of Columbia, 1970, 140 U.S.App.D.C. 153, 434 F.2d 427) homosexuality (E.g., Doe v. Department of Transportation Federal Aviation Administration, 8 Cir., 1969, 412 F.2d 674 (challenge to denial of airman medical certificate on grounds of homosexual activity and prior sodomy conviction); Doe v. Commonwealth's Attorney for City of Richmond, E.D.Va., 1975, 403 F.Supp. 1199 (constitutional challenge to state sodomy statute as applied to consenting homosexual activity); Doe v. Chafee, N.D.Cal., 1973, 355 F.Supp. 112 (challenge to dishonorable discharge from Navy on ground of homosexual activity) ) or the welfare rights of illegitimate children or abandoned families, (E.g., Doe v. Carleson, N.D.Cal., 1973, 356 F.Supp. 753; Doe v. Gillman, N.D.Iowa, 1972, 347 F.Supp. 482 (challenges to right of state welfare departments to require cooperation of AFDC recipients in obtaining convictions of spouses for nonsupport); Doe v. Shapiro, D.Conn., 1969, 302 F.Supp. 761 (challenge to state welfare department regulation providing for termination of welfare payments to illegitimate children if mother refuses to disclose name of child's father)].

28. Most cases addressing the issue of permitting the use of a pseudonym such as *"Victims of Holocaust Art Theft"* involve issues of a personal nature. *[See Roe*

8

v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), and Doe v. Bolton, 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973) and Southern Methodist University Ass'n v. Wynne & Jaffe, 599 F.2d 707 (5th Cir. 1979)].

29. However, the Federal Rules of Civil Procedure do not expressly refer to cases in which a plaintiff may wish to use a pseudonym (such as "Victims of Holocaust Art Theft") and the decision is left to the discretion of the District Court. See Lindsey v. Dayton-Hudson Corp., 592 F.2d 1118 (10th Cir. 1979).

30. In this case as the owner of the registered fictitious and future trademarked name "Victims of Holocaust Art Theft", I am challenging the validity of certain governmental activity in Czech Republic which has caused immeasurable damages to my predecessors and continues to threaten the rights of individual Holocaust victim families, heirs and successors' ability to recover artwork and other property that was stolen from them. From what I have discovered so far, the evidence will show the extent of the deceit, corruption and obfuscation by The Czech Republic and its Museums, the lies/misrepresentations to the United States representatives, NGOs and government officials, and the ongoing treaty and international law violations through which the Czech Republic continues to withhold hundreds of millions of dollars (perhaps billions of dollars) in cash and other assets including artwork, judaica, religious and cultural artifacts and other valuables to which they became Bailees and trustees of property stolen by the Nazis and which fill their museums.[3]

31. It is for those reasons, including the sensitive nature of what is involved, and the

---

[3] The Court should note that my involvement with The Popper Art Collection is more involved than just with the claim in this Court. The issues arising from the theft and withholding of the Popper Art Collection include lobbying of governmental and non-governmental organizations, efforts to change laws, public awareness campaigns, administrative complaints in the European Union, research and evidence gathering in Europe, "freedom of information demands" in the Czech Republic, preparation of position papers for international conferences, and potential additional claims in Germany and possibly Russia.

9

desire to try to keep the story about The Popper Art Collection, Regina & Richard Popper and Michal Klepetář and what was done to them, as well as to other Holocaust victims, survivors, heirs or successors whose property continues to be withheld from them by The Czech Republic, that I chose to us, registered and trademarked the name *"Victims of Holocaust Art Theft"*. I did NOT want the „story" or the claims to be about me – Ed Fagan.

32. I am aware that my rights are totally dependent upon the rights and claims that Michal Klepetář has or had at the time I acquired an interest in The Popper Art Collection.

33. I am also aware that the certain of the Defendants' arguments against my claim could include arguments that they will, would or might raise against claims by my co-owner Michal Klepetář, including but not limited to sovereign immunity, lack of jurisdiction, improper forum, failure to exhaust remedies in the Czech Republic, res judicata, collateral estoppel and other such arguments and defenses.

34. What happens to me and my claims may happen to Michal Klepetář and vice versa.

35. With this understanding and acknowledgment, I pray the Court permit me to continue litigating the case under the name „*Victims of Holocaust Art Theft*".

D. **POSSIBLE ALTERNATE CAPTIONS – IF NECESSARY**

36. While I would prefer to leave the Complaint as is, I am prepared to and could amend the caption describe Plaintiff *"Victims of Holocaust Art Theft"* differently, with possible alternatives as:

```
------------------------------------------------------------------------- X
 Victims of Holocaust Art Theft, a fictitious name registered to and solely owned
 by Edward Fagan, and Edward Fagan, in his own name,
                                                                  Plaintiff,
                              v.
 The Czech Republic; National Gallery in Prague and Museum of Decorative
 Arts of Prague,                                                 Defendants
------------------------------------------------------------------------- X
```

10

**OR**

---------------------------------------------------------------------------------- X
*Edward D. Fagan, doing business as "Victims of Holocaust Theft",*
                                                                    *Plaintiff,*
   v.
*The Czech Republic; National Gallery in Prague and Museum of Decorative Arts of Prague,*
                                                                    *Defendants*
---------------------------------------------------------------------------------- X

### E. AMENDMENT COMPLAINT SHOULD BE PERMITTED

37. I respectfully submit that in view of the above explanations, and pursuant to Fed. R. Civ. P. Rule 15 (a)[4], the Court should permit the filing of an Amendment to the Complaint so that it is clear that the references to (i) to Plaintiff are to Plaintiff "*Victims of Holocaust Art Theft*" and Edward Fagan and (ii) to Plaintiff's co-owner or Plaintiff's co-owners are to the co-owners of The Popper Art Collection not co-owner or co-owners of "*Victims of Holocaust Art Theft*".

### F. CONCLUSION

38. In view of the foregoing, I respectfully pray that the Court grant the requested relief by (i) Permitting Plaintiff Fagan to proceed as a *pro se* litigant pursuant to 28 USC § 1654; (ii) Permitting Plaintiff Fagan to file an amended Civil Cover Page to more clearly identify that Plaintiff "*Victims of Holocaust Art Theft*" is Plaintiff Fagan; (iii) Permitting Plaintiff Fagan to use the "pseudonym", his registered "Fictitious Name" and future trademark of "*Victims of Holocaust Art Theft*" in the Caption of the Complaint or permitting to use an alternative caption; and (iv) Granting Plaintiff Fagan until July 20th by which to file an Amended Complaint, or to re-file the existing complaint with errata, through which to make clear that all references to

---

[4] I respectfully submit that should the Court grant permission to file such an Amendment for the reasons explained above and in the interests of justice. Further I respectfully submit that such amendment should **not** be considered the amendment "*as a matter of course*" as permitted under Fed. R. Civ. P. Rule 15 (a) (1).

11

*"Victims of Holocaust Art Theft"* are to Plaintiff Fagan, that there are no other owners of *„Victims of Holocaust Art Theft"* and that Plaintiff Fagan is suing in his individual capacity.

Dated:      June 29, 2012
            Boca Raton, FL
            *Prague, Czech Republic*

/s/ Edward D. Fagan

Victims of Holocaust Art Theft, a fictitious
name registered to and future trademark
owned by Edward D. Fagan
Plaintiff Pro Se
P. O. Box 812512
Boca Raton, FL  33481
Tel # (973) 986-2844 / Fax # (561) 948-2707
Email: victimsofholocausttheft@gmail.com

12

## APPLICATION FOR REGISTRATION OF FICTITIOUS NAME

REGISTRATION# G12000037038

**Fictitious Name to be Registered:** VICTIMS OF HOLOCAUST ART THEFT

**Mailing Address of Business:**   P.O. BOX 812512
BOCA RATON, FL  33481

**Florida County of Principal Place of Business:** MULTIPLE

**FEI Number:**

**Owner(s) of Fictitious Name:**

   FAGAN, EDWARD D
   P.O. BOX 812512
   BOCA RATON, FL  33481

**FILED
Apr 18, 2012
Secretary of State**

I the undersigned, being an owner in the above fictitious name, certify that the information indicated on this form is true and accurate. I further certify that the fictitious name to be registered has been advertised at least once in a newspaper as defined in Chapter 50, Florida Statutes, in the county where the principal place of business is located. I understand that the electronic signature below shall have the same legal effect as if made under oath and I am aware that false information submitted in a document to the Department of State constitutes a third degree felony as provided for in s. 817.155, Florida Statutes.

| EDWARD D. FAGAN | 04/18/2012 |
|---|---|
| Electronic Signature(s) | Date |

**Certificate of Status Requested (X)**      **Certified Copy Requested ( )**

Exhibit 1

**FLORIDA DEPARTMENT OF STATE**
**DIVISION OF CORPORATIONS**

sunbiz

| Home | Contact Us | E-Filing Services | Document Searches | Forms | Help |

Previous on List  Next on List  Return to List
No Filing History

Fictitious Name Search
[Submit]

## Fictitious Name Detail

### Fictitious Name
VICTIMS OF HOLOCAUST ART THEFT

### Filing Information
Registration Number  G12000037038
Status  ACTIVE
Filed Date  04/18/2012
Expiration Date  12/31/2017
Current Owners  1
County  MULTIPLE
Total Pages  1
Events Filed  NONE
FEI/EIN Number  NONE

### Mailing Address
P.O. BOX 812512
BOCA RATON, FL 33481

### Owner Information
FAGAN, EDWARD D
P.O. BOX 812512
BOCA RATON, FL 33481
FEI/EIN Number: N/A
Document Number: NONE

### Document Images
04/18/2012 -- Fictitious Name Filing  [View image in PDF format]

Note: This is not official record. See documents if question or conflict.

Previous on List  Next on List  Return to List
No Filing History

Fictitious Name Search
[Submit]

| Home | Contact us | Document Searches | E-Filing Services | Forms | Help |
Copyright © and Privacy Policies
State of Florida, Department of State

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DVISION

------------------------------------------------------------------ X  CIVIL ACTION #
Victims of Holocaust Art Theft,                              :  12-80420-CIV-Cohn/Seltzer
                                      Plaintiff       :
   - v -                                                                      :
                                                    :  **Motion for Permission**
The Czech Republic;                                           :  **for Plaintiff *Pro Se* to**
National Gallery in Prague; and                        :  **Proceed Under the Name**
Museum of Decorative Arts of Prague.           :  **„Victims of Holocaust**
                                        Defendants.  :  **Art Theft"**
------------------------------------------------------------------ X  and for other relief

I hereby certify I served the following document:

**Motion for Permission for Plaintiff *Pro Se* to Proceed Under the Name „*Victims of Holocaust Art Theft*" and for other relief**

Upon the Clerk of the Court with a courtesy copy to the Honorable James I. Cohn, United States District Judge, United States District Court, Southern District of Florida, U.S. Federal Building and Courthouse, 299 East Broward Boulevard, Fort Lauderdale, FL 33301

Dated:     June 29, 2012
                  Boca Raton, FL

*Prague,*
*Czech Republic*

                                                                            Victims of Holocaust Art Theft, a fictitious
                                                                                name registered to and future trademark
                                                                                owned by Edward D. Fagan
                                                                                Plaintiff Pro Se
                                                                                P. O. Box 812512
                                                                                Boca Raton, FL  33481
                                                                                Tel # (973) 986-2844 / Fax # (561) 948-2707
                                                                                Email: victimsofholocaustarttheft@gmail.com